MUNICIPALITY OF PONCE, PLAINTIFF AND APPELLANT, v. SOLÍS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for the Demolition of a Structure.

No. 1523.—Decided April 12, 1917.

DEMOLITION OF STRUCTURE — MUNICIPAL ORDINANCE. — When a municipal ordinance provides that a structure erected without a permit, or in abuse or violation thereof, shall be demolished at the cost of the owner if it be of a class whose construction could not be authorized or whose existence or alteration should not be allowed, it is not sufficient to show that the structure was erected without complying with the requirements of said ordinance; but it must also be proved that the construction could not be authorized or that it is of a class which should not be allowed to stand.

The facts are stated in the opinion.

*Messrs. Llorens & Canales* for the appellant.

The appellee did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the year 1915 there was in force in the municipality of Ponce an ordinance adopted on April 22, 1909, requiring all persons who desired to build houses in the urban zone to obtain a permit from the mayor and to submit plans in duplicate of the new building showing the site of the lot, the foundation or arrangement of the pillars or socles, the respective positions of the different floors and ceilings, the joists, the height of the front and sides, the different sectional views of the building; to construct a well for the receipt of the water or attach drainpipes to the wall to carry the water to the gutter; to leave a space of one meter between each side of the proposed building and the adjoining buildings; to make the sleeping rooms nine square meters, and to have the municipal engineer mark the line for beginning the work of construction.

According to section 45 of the ordinance, all structures erected without a permit, in abuse thereof or in violation of said ordinance, or of other ordinances in force with regard thereto, shall be demolished at the expense of the owner when of a class whose construction could not have been authorized or which should not be allowed to stand or be repaired.

On May 4, 1915, the municipality of Ponce filed a complaint in the District Court of Ponce alleging that on or about August 26, 1914, Juan Solís asked for and obtained a permit from the mayor of Ponce to repair a one-story frame house owned by him at No. 53 Isabel Street, Ponce, and that instead of repairing it he built a new two-story frame house without complying with the said requirements, as provided by the ordinance then in force, and prayed the court to order the demolition of what had then been constructed. The case was tried and the evidence examined, whereupon the court rendered judgment dismissing the complaint without special imposition of costs. From that judgment the plaintiff, the municipality of Ponce, took the present appeal.

In view of the fact that the plaintiff failed to prove one essential allegation of its complaint, for which reason the judgment appealed from must be affirmed, we shall not consider the various questions which might have arisen in this case if the appellant had introduced that evidence.

The fact is that, according to section 45 of the said ordinance which we have transcribed, the mere infringement of the same does not justify the demolition of the structure, unless the structure built in contravention of the provisions of the ordinance should be of a class whose construction could not have been authorized or which should not be allowed to stand or be repaired. Therefore it was not sufficient for the municipality to prove that the appellee had erected a new two-story building without complying with the requirements of the said ordinance, but it should have proved besides that the structure erected by Solís was not one that could have been authorized or that it is of such a character that it should not be allowed to stand. The evidence introduced at the trial did not cover these points, and, therefore, in accordance with the legal maxim *actore non probante reus est absolvendus,* the judgment dismissing the complaint must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.